# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.S., a minor by SALLEE MILLER, Guardian, and SALLEE MILLER, Individually, | : CIVIL ACTION NO. 1:13-CV-2382 : : (Chief Judge Conner) |
| Plaintiffs, | : |
| v. | : |
| SMITHKLINE BEECHAM CORPORATION, d/b/a GlaxoSmithKline, | : : : |
| Defendant | : |

## **MEMORANDUM**

Presently before the court is plaintiffs' motion (Doc. 37) to amend and certify the court's order for interlocutory review pursuant to 28 U.S.C. § 1292(b) and for a temporary stay. For the reasons that follow, the court will grant the motion.

## I. **Factual Background and Procedural History**

Plaintiffs A.S., a minor, and Sallee Miller have sued defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), for damages from injuries allegedly incurred due to Sallee Miller's ingestion of the antidepressant drug Paxil during her pregnancy with A.S. (Doc. 1 at 5-9).

This case has a lengthy and complicated procedural history. Plaintiffs originally filed a complaint as part of the consolidated Paxil Pregnancy Litigation in the Philadelphia Court of Common Pleas Mass Tort Program. (Id. at 5). On October 24, 2011, GSK removed plaintiffs' case to the Eastern District of Pennsylvania based on federal diversity jurisdiction. (Id. at 7). It was initially assigned to the Honorable

Mary A. McLaughlin but was later consolidated with eight other removed Paxil cases. (Id.) The consolidated cases were assigned to the Honorable Timothy J. Savage for the disposition of identical remand motions. (Id.) On December 14, 2011, Judge Savage remanded the cases because he determined that GSK is a Pennsylvania citizen, and that GSK cannot remove a case from Pennsylvania state court on the basis of federal diversity jurisdiction. See Patton *ex rel.* Daniels-Patton v. SmithKline Beecham Corp., Civ. A. No. 11-6641, 2011 WL 6210724 (E.D. Pa. Dec. 14, 2011).

Judges in the Eastern District reached conflicting decisions concerning GSK's citizenship, and, ultimately, an Eastern District court certified the issue for interlocutory review. See Johnson v. SmithKline Beecham Corp., 853 F. Supp. 2d 487 (E.D. Pa. 2012). On June 7, 2013, the Third Circuit held that GSK is a citizen of Delaware, thus providing the basis for removal to federal court. Johnson v. SmithKline Beecham Corp., 724 F.3d 337 (3d Cir. 2013). Accordingly, GSK re-removed this case and eight others on the basis of federal diversity jurisdiction on June 26, 2013. (Doc. 1). Plaintiffs' counsel filed an identical motion to remand in each case two days later. (Doc. 3).

Plaintiffs assert that GSK's second removal is barred under 28 U.S.C. § 1446(b) as it existed at the time the action was filed.[1] Specifically, plaintiffs allege that GSK's second removal is untimely under 28 U.S.C. § 1446(b) because it occurred more than

---

[1] The Federal Courts Jurisdiction and Venue Clarification Act of 2011, which made changes to § 1446, does not apply to the instant matter because this case was filed prior to the effective date of the Act. See Pub. L. No. 112-63, 125 Stat. 758 (codified as amended in various sections of 28 U.S.C.).

2

one year after commencement of the action. (Doc. 3-1 at 4). Judge McLaughlin denied plaintiffs' motion to remand on July 26, 2013. (Doc. 15). The court relied principally upon the reasons provided in a recent memorandum by the Honorable Harvey Bartle, III, who denied a motion to remand in another Paxil case. See Guddeck v. SmithKline Beecham Corp., Civ. A. No. 13-3696, __ F. Supp. 2d __, 2013 WL 3833252 (E.D. Pa. July 24, 2013).[2] Judge McLaughlin also granted GSK's motion to transfer venue to this court on August 16, 2013. (Doc. 19).

On August 7, 2013, the Honorable Ronald L. Buckwalter denied motions to remand in two of the other removed Paxil cases. See Cintao v. SmithKline Beecham Corp., Civ. A. No. 13-3681 (E.D. Pa. Aug. 7, 2013); Nieman v. SmithKline Beecham Corp., Civ. A. No. 13-3695 (E.D. Pa. Aug. 7, 2013). The Honorable John R. Padova and the Honorable Michael M. Baylson granted motions to remand in another two. See Cammarota v. SmithKline Beecham Corp., Civ. A. No. 13-3677, 2013 WL 4787305 (E.D. Pa. Sept. 9, 2013); Powell v. SmithKline Beecham Corp., Civ. A. No. 13-3693, 2013 WL 5377852 (E.D. Pa. Sept. 26, 2013). Obviously, these decisions create a split of authority within the Eastern District of Pennsylvania. Motions to remand in the remaining Paxil cases are pending. (Doc. 46 at 4).

Judge Buckwalter denied the plaintiffs' motions to certify for interlocutory review in Cintao and Nieman on October 9, 2013. Judge Buckwalter reasoned that an

---

[2] The plaintiffs did not seek a motion to certify for interlocutory review in Guddeck. Guddeck has since been transferred to the District of Minnesota. (Doc. 46 at 11).

3

interlocutory appeal would not materially advance the ultimate termination of the litigation because "even if successful, the plaintiffs will still be awaiting a trial, albeit not in federal court." See Cintao, Civ. A. No. 13-3681, slip op. at 2 (E.D. Pa. Oct. 9, 2013).

On October 17, 2013, plaintiffs filed the instant motion (Doc. 37) to certify Judge McLaughlin's order (Doc. 15) denying plaintiffs' motion to remand for interlocutory review. Plaintiffs request certification of the following issue for interlocutory appeal:

> Whether a defendant may remove a case a second time based on diversity jurisdiction more than one year after the commencement of the case, where a final remand order determining the case is not removable had already been issued and the plaintiff has not prevented timely removal?

During the pendency of the instant motion, specifically on November 7, 2013, the Third Circuit denied the plaintiffs' petitions for writs of mandamus in Cintao and Niemen. See Cintao v. SmithKline Beecham Corp., Civ. A. No. 13-4192 (3d Cir. Nov. 7, 2013); Nieman v. SmithKline Beecham Corp., Civ. A. No. 13-4193 (3d Cir. Nov. 7, 2013).[3]

## II. Discussion

The court may certify an order for interlocutory review if 1) the decision concerns "a controlling question of law;" 2) there is "a substantial ground for difference of opinion" on that question; and 3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiffs,

---

[3] Cintao has been transferred to the Southern District of Florida. (Doc. 46 at 11). Nieman has been transferred to the District of South Dakota. (Id.)

4

GSK, and the court agree that the order disposing of plaintiffs' motion to remand satisfies the first two elements necessary for certification. (See Docs. 46 at 1-2, 48 at 1-2). It is undisputed that there is a split of authority on a controlling question of law, namely, whether GSK may remove the action for a second time based on diversity jurisdiction more than one year after commencement of the action pursuant to 28 U.S.C. § 1446(b). However, GSK asserts that an immediate appeal would actually delay the ultimate termination of the litigation. (Doc. 46 at 6-9). Moreover, GSK posits that there are no "exceptional circumstances" present and that the instant motion is untimely. (Id. at 9-15).

GSK argues that an immediate appeal would delay the ultimate termination of the litigation because the parties have already substantially prepared for trial, which is currently scheduled for August 2014. (Doc. 46 at 6-9). In examining this issue, the court must analyze whether an appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense. Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008). In the case *sub judice*, the parties already conducted substantial discovery in state court, and were four months away from a trial date prior to GSK's second removal. (Doc. 46 at 8). However, in this court, discovery is ongoing, the parties still have an opportunity to file dispositive motions, and trial is not scheduled for another eight and a half months. Moreover, there is a likelihood that the parties will attempt to revisit prior state court rulings concerning the admissibility of evidence

and expert witness testimony because different evidentiary and procedural standards apply in federal court.

If plaintiffs are successful, an immediate appeal and remand to state court would be significantly less time-consuming and expensive than if the parties had to conduct a federal trial, an appeal, and then another state trial.  On the other hand, the court recognizes that if plaintiffs are not successful on appeal, an immediate appeal would represent a considerable expense and delay of the litigation.  The court notes, however, that § 1292(b) requires the court to analyze whether an immediate appeal *may* materially advance the termination of the litigation, not whether an immediate appeal definitively *will* advance the termination of the litigation.  An immediate appeal may materially advance the ultimate termination of this litigation if plaintiffs are successful on appeal; thus, the court finds that plaintiffs have satisfied the statutory criteria of § 1292(b).

GSK also argues that the court should deny certification because of a lack of "exceptional" circumstances.  Indeed, the court has the discretion to deny certification even if the parties satisfy all of § 1292(b)'s requirements.  Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).  The court should only certify issues for interlocutory appeal in "exceptional" cases to avoid "piecemeal review and its attendant delays and waste of time."  Katz v. Carte Blanche Corp., 496 F.2d 747, 764 (3d Cir. 1974).  This case presents a unique issue of civil procedure that involves a split of authority and has the potential to arise in future disputes.  A decision on this issue will also immediately affect the eight other Paxil cases removed to federal court.  The removed cases are

potentially subject to a myriad of different rules and regulations than the hundreds of Paxil cases already tried or settled in Pennsylvania state court. GSK is correct that three of those eight cases have been transferred to district courts outside the controlling authority of the Third Circuit, but nevertheless, a Third Circuit opinion on this issue would be strong persuasive authority in those districts. Thus, exceptional circumstances are present and certification is warranted.[4]

## III. Conclusion

For the foregoing reasons, the court will grant plaintiffs' motion (Doc. 37) to amend and certify the court's order for interlocutory review and for a temporary stay. An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: December 12, 2013

---

[4] GSK's argument that plaintiffs' motion is untimely is also unavailing. The court may amend and certify an order for interlocutory appeal at any time. Kenworthy v. Hargrove, 826 F. Supp. 138, 140 (E.D. Pa. 1993). Plaintiffs were reasonably awaiting the outcome of similar motions to certify in Cintao and Nieman. Plaintiffs filed the instant motion on October 17, 2013, eight days after Judge Buckwalter's denial of those motions.